UTICA,
Aug. 1825.

Wooster.
v.
Perry.

*Prima facie,*
the plaintiff's
attorney is
right in copy-
ing the defend-
ant's notice of
special matter
into the *nisi
prius* record
and judgment
roll, and may
have this ser-
vice taxed.
If it be, in
truth, unne-
cessary, on
showing this
to the taxing
officer, he
should strike
it out.

## WOOSTER *against* PERRY.

On a verdict for the plaintiff, he had procured the costs of entering the defendant's notice of special matter, on the judgment roll and *nisi prius* record, to be taxed by a commissioner, which

*A. Loomis* and *O. G. Otis*, for the defendant, moved to have stricken out of the bill. They said the notice constituted no part of the record, (*Vaughan* v. *Havens*, 8 John. Rep. 109 ;) and where papers are unnecessarily copied into a record, they will not be allowed in taxation. (*Jackson* v. *Mather*, 2 Cowen's Rep. 584.) The notice was not necessary in the record, even at *nisi prius*. If denied, it must be proved by affidavit or orally.

*M. Hoffman*, contra, said the notice was, in fact, engrossed upon the N. P. record and judgment roll, with the suggestion that it had been given with the general issue. Though not technically a plea, and therefore not of record without a proper suggestion, yet it often *is*, and always *may be*, material as a part of the record in determining the admissibility of evidence, and on bill of exceptions, &c. Besides, the counsel who try the cause rarely serve the papers, and cannot prove the notice. If in the *nisi prius* record, it should also be in the judgment roll.

*Curia. Prima facie*, it is proper to make the notice of special matter a part of the record. It is true, that under certain circumstances, this might be altogether useless ; in which case, it should be stricken out on taxation. But nothing of this was shown to the taxing officer or to us ; and the motion must be denied.

Motion denied.(*a*)

(*a*) Vid. *Van Rensselaer* v. *Hamilton*, ante, 539.